1  Thomas A. Runk (SBN 101306)
2  trunk@brookskushman.com
   **BROOKS KUSHMAN P.C.**
3  515 S. Flower Street, Suite 1800
   Los Angeles, CA  90071-2231
4  Tel.: (213) 622-3003

5  Christopher C. Smith (SBN 238882)
   csmith@brookskushman.com
6  **BROOKS KUSHMAN P.C.**
   150 W. Second St., Suite 400N
7  Royal Oak, MI 48067
   Tel.: (248) 358-4400

8  *Attorneys for Plaintiff*
   *Kitsch LLC*
9

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION**

14

15

16  Kitsch LLC, a Delaware
    company,                          | Case No. 25-10830
17
18               Plaintiff,           | **COMPLAINT AND DEMAND FOR**
    v.                                | **JURY TRIAL**
19
20  Viori Beauty PBC, a Delaware
    Public Benefit Corporation,
21
               Defendant.
22

23

24

25

26

27

28

COMPLAINT

## COMPLAINT AND JURY DEMAND

Plaintiff Kitsch LLC ("Kitsch"), by and through its undersigned counsel, for its Complaint against Viori Beauty PBC ("Viori" or "Defendant"), states as follows:

## I.    PARTIES

1.    Plaintiff Kitsch is a Limited Liability Company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

2.    On information and belief, Defendant Viori is a public benefit corporation organized under the laws of Delaware, having a principal place of business at 1123 N. 1430 W, Orem, Utah 84057.

## II.    JURISDICTION AND VENUE

3.    This is a civil action seeking damages and injunctive relief for copyright infringement arising under the Copyright Act, Title 17, United States Code, and unfair competition arising under the Lanham Act, Title 15, United States Code and common law.

4.    The Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.    Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because a substantial part of the events and omissions giving rise to Kitsch's claims occurred in this District and Defendant does business in this District.

## III.    FACTUAL BACKGROUND

### A.    Kitsch and Kitsch's Solid Shampoo and Conditioner

6.    Kitsch is a leading beauty product and accessories manufacturer with products including bar shampoo, bar conditioner, hair ties, headbands, and jewelry,

including rings, necklaces, earrings and other fashion accessories. Today, Kitsch products can be found in over 2,000 locations worldwide and has sold to large retailers such as Ulta Beauty, Target, Walmart, Kohls, Urban Outfitters, Paper Source, Nordstrom and more. Kitsch additionally operates an e-commerce website and Amazon marketplace store that serves millions of retail customers worldwide every year.

7.    In or around September 2020, Kitsch began offering solid shampoo and conditioner. Kitsch sells its shampoo and conditioner products throughout the country both in brick-and-mortar stores such as Ulta and Target as well as online at both Kitsch's own website, www.mykitsch.com, and third-party websites such as amazon.com.

8.    Kitsch uses a unique product, packaging, and advertising for its bar shampoo and conditioner products. Examples of this, from amazon.com, are shown



Kitsch Rice Water Shampoo & Conditioner Set - Solid Shampoo & Conditioner Bar with Protein for Strengthening Hair & Damage Repair - Paraben, Sulfate and Silicone Free - Nourishing Hair Care - 2 pack

Visit the Kitsch Store

4.3 ★★★★☆ (13,830) | Search this page

♻ 1 sustainability feature ⌄

60K+ bought multiple times

$27.99 ($5.00 / ounce)

✓prime Today
FREE Returns ⌄

**Coupon:** Save 10%: Coupon available when you select **Subscribe & Save** . Shop items › | Terms

below:



9.      On August 25, 2025, Kitsch applied for a copyright registration for the photos of its dry shampoo and conditioner products, including the first image shown above. Kitsch was granted this registration on August 26, 2025, and it was assigned Registration No. VA 2-459-268. A true and correct copy of this registration is attached hereto as Exhibit A. This shall be referred to as the "'268 Registration."

10.     On September 17, 2025, Kitsch applied for a copyright registration for the photos of its dry shampoo and conditioner products, including the first image shown above. Kitsch was granted this registration on September 18, 2025, and it was assigned Registration No. VA 2-463-783. A true and correct copy of this registration is attached hereto as Exhibit B. This shall be referred to as the "'783 Registration."

11.     These products have become extremely popular and have garnered significant unsolicited positive reviews. Indeed, the Kitsch Rice Water Shampoo and Conditioner set shown above is consistently the best-selling solid shampoo and conditioner set on amazon.com, and the Kitsch Rosemary & Biotin Shampoo and

Conditioner Set is the next best-selling solid shampoo and conditioner set. For example, the New York Times's Wirecutter named the Kitsch Rice Water Shampoo Bar as the best shampoo bar for most hair types.

**B.    Defendant's Activities**

12.    Defendant also sells solid shampoo and conditioner as shown in the image below:







13.    As can be seen, Defendants' advertising is highly similar to the advertising for Kitsch's solid shampoo and conditioner. In particular, both feature the products shown next to each other with the physical products being placed on top of the packaging and with images of the ingredients contained in the bars scattered below the packaging. Moreover, Defendant's packaging has its wording shown in the same order as the Kitsch packaging with the same words in larger font.

14.    These similarities are especially apparent when Kitch's and Defendant's products are displayed next to each other on Amazon.com, which they frequently are when a potential consumer searches for "solid shampoo and conditioner set." An example of this is shown in the image below:




15.    Upon information and belief, Defendant did not use the advertising complained of herein until after Kitsch began selling solid shampoo and conditioner.

16.    There is no reason that Defendant needs to advertise its solid shampoo and conditioner set in this way. Rather, there are several other sellers of solid shampoo and conditioner that display their product in distinct ways, as shown int eh images below:



Shampoo and Conditioner Bar,Solid Hair Growth Soap Bars for Women,Nourishing,Anti-Ha...



POP MODERN.C Rosemary Solid Shampoo and Conditioner Bar Set for Hair Growth, Moisturizi...



HiBAR - Volumize Shampoo & Conditioner Set - For Fine, Flat Hair - Add Body, Definition &...



Wave Argan Oil Shampoo bar & Conditioner Bar Set - Vegan & Sulfate-Free - Handmade...



2 Pack Rosemary Shampoo Conditoner Bar Set,Thinning Hair-Volume Shampoo &...

17.    Defendant also sells its solid shampoo and conditioner bundle on its website, www.viori.com. On its website—where its products are not sold next to Kitsch products—Defendant uses advertising that does not mimic the Kitsch advertising as shown in the image below:

1
2
3
4
5
6
7
8
9
10
11



12  18.    Moreover, when consumers receive Defendant's products, they do not
13
come in the packaging shown in Defendant's advertisements. Rather, they come in
14
different packaging, which shown below.
15

19.    Thus, upon information and belief, Defendant has adopted the
26
packaging and advertising shown in its Amazon advertisement in an attempt to
27
mislead consumers that the products are offered by Kitsch and/or to confuse

consumers into purchasing Defendant's products when the consumers had intended to purchase Kitsch products. Indeed, the customers who order Defendants products, do not even see Defendants real packaging until they receive the product.

20.    Defendant's unauthorized acts have been deliberate and willful with an intent to mislead and confuse the public, and divert business from Kitsch, in order to trade on the goodwill and reputation of Kitsch.

21.    On or around August 6, 2025, Kitsch, through its counsel, sent a letter to Viori explaining the allegations set forth above and asking Viori to cease and desist from copying Kitsch's advertising.

22.    On or around August 8, 2025, Kitsch received a response from Viori in which it stated it would not voluntarily cease its copyright infringement and unfair competition.

## IV.    COUNT I
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

23.    Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

24.    This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of the origin of products, false description and representation, and false advertising.

25.    Viori has made false and misleading statements in its amazon.com advertising by showing packaging and products that were different than those consumers actually received. These statements misrepresented the nature, characteristics, and qualities of Viori's solid shampoo and conditioner.

26.    These false statements constitute commercial speech and were made in interstate commerce.

27.    Viori made its false statements in an attempt to mislead consumers into believing that it has an affiliation with Kitsch and/or that its products were made

and/or sold by Kitsch, to improperly trade on Kitsch's status as the market leader in solid shampoo and conditioner.

28.    Viori's false statements actually deceived and/or are likely to deceive consumers into believing Viori's products were affiliated with, made and/or sold by Kitsch.

29.    Kitsch was harmed as a result of Viori's false statements.

30.    Defendant's false advertising was willful.

31.    Kitsch has suffered and will continue suffering irreparable harm as a result of Defendant's false advertising including, but not limited to, lost sales, lost market share, price erosion, damage to its goodwill, and reputational harm. Unless Defendant's unlawful acts are enjoined by this Court, Kitsch will continue to be damaged and irreparably harmed.

32.    An award of money damages alone cannot fully compensate Kitsch for its injuries and Kitsch lacks an adequate remedy at law.

## V.    COUNT II
## INFRINGEMENT OF THE '268 REGISTRATION

33.    Kitsch realleges the preceding paragraphs as though set forth fully herein.

34.    The work covered by the '268 Registration is an original work created by and/or for Kitsch.

35.    The '268 Registration work is subject to protection under the Copyright Act, 17 U.S.C. § 101 et seq.

36.    The '268 Registration was duly and legally issued on August 26, 2025.

37.    Defendants have used a copy and/or derivative work of the Kitsch Copyright as shown, for example, in Paragraph 12, above.

38.    Defendants' photographs are strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the '268 Registration.

39.    Defendants have infringed the Kitsch Copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from Kitsch.

40.    Defendants' infringement has been and continues to be willful.

41.    By reason of Defendants' acts, Kitsch has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

42.    Defendants have profited and have been unjustly enriched as a result of the infringement of Kitsch's copyrighted work.

43.    Unless enjoined by this court, Defendants will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Kitsch. Kitsch has no adequate remedy at law for Defendants' wrongful acts.

44.    For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendants are not enjoined from selling, their sales will continue to negatively impact Kitsch's sales velocity and comment volume which will irreparably harm Kitsch's marketability on Amazon.com.

45.    Additionally, Kitsch has suffered damages as a direct and proximate cause of infringement and is entitled to such damages, including Defendants' profits

attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

46.    29.    Kitsch is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## VI.    COUNT II
## INFRINGEMENT OF THE '783 REGISTRATION

47.    Kitsch realleges the preceding paragraphs as though set forth fully herein.

48.    The work covered by the '783 Registration is an original work created by and/or for Kitsch.

49.    The '783 Registration work is subject to protection under the Copyright Act, 17 U.S.C. § 101 et seq.

50.    The '783 Registration was duly and legally issued on September 18, 2025.

51.    Defendants have used a copy and/or derivative work of the Kitsch Copyright as shown, for example, in Paragraph 12, above.

52.    Defendants' photographs are strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the '783 Registration.

53.    Defendants have infringed the Kitsch Copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from Kitsch.

54.    Defendants' infringement has been and continues to be willful.

55.    By reason of Defendants' acts, Kitsch has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

56.     Defendants have profited and have been unjustly enriched as a result of the infringement of Kitsch's copyrighted work.

57.     Unless enjoined by this court, Defendants will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Kitsch. Kitsch has no adequate remedy at law for Defendants' wrongful acts.

58.     For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendants are not enjoined from selling, their sales will continue to negatively impact Kitsch's sales velocity and comment volume which will irreparably harm Kitsch's marketability on Amazon.com.

59.     Additionally, Kitsch has suffered damages as a direct and proximate cause of infringement and is entitled to such damages, including Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

60.     Kitsch is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## VII.   COUNT IV
## VIOLATION OF BUSINESS & PROFESSIONAL CODE § 17200

61.     Kitsch repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

62.     California Business & Professional Code Section 17200 states that unfair competition includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

63.     Defendant has unfairly, deceptively, falsely, and/or misleadingly used images of its products that are not the same as the products and packaging consumers received.

64.     The foregoing unfair, deceptive, false, and/or misleading marketing constitutes unfair competition within the meaning of California Business & Professional Code Section 17200, *et seq.*

65.     Defendant was aware that the foregoing advertisements were unfair, deceptive, false, and/or misleading.

66.     Kitsch has suffered and will continue suffering irreparable harm as a result of Defendant's unfair competition including, but not limited to, lost sales, lost market share, price erosion, damage to its goodwill, and reputational harm. Unless Defendant's unlawful acts are enjoined by this Court, Kitsch will continue to be damaged and irreparably harmed.

67.     Kitsch has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Kitsch respectfully requests the following relief:

a.     A judgment that Defendant has violated 15 U.S.C. § 1125(a), that Kitsch has been damaged by such violations, and the Defendant is liable for such violations;

b.     A judgment that Defendants have infringed the '268 Registration, that Kitsch has been damaged by such violations, and the Defendant is liable for such violations;

c.     A judgment that Defendants have infringed the '783 Registration, that Kitsch has been damaged by such violations, and the Defendant is liable for such violations;

d.      A judgment that Defendant has violated Violation of Business & Professional Code § 17200, that Kitsch has been damaged by such violations, and the Defendant is liable for such violations;

e.      A determination that this case is "exceptional," under 15 U.S.C. § 1117(a);

f.      An Order enjoining, temporarily, preliminarily and permanently, the Defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, from:

1.      engaging in false and/or misleading representations regarding Defendant's solid shampoo and conditioner;

2.      imitating, copying, or making any unauthorized use Kitsch's advertising for its solid shampoo and conditioner; and

3.      using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant is in any manner associated or connected with Kitch, or is sold, manufactured, licensed, sponsored, approved or authorized by Kitsch. and

g.      An award of damages adequate to compensate Kitsch for the actionable conduct of the Defendant, including, subject to the principles of equity, recovery by Kitsch of (1) Defendants' profits, (2) any damages sustained by Kitsch, and (3) the costs of this action;

h.      An award of costs and disbursements incurred in this action, including Kitch's reasonable attorneys' fees;

i.      An award of Kitsch's damages trebled plus Kitsch's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117 and/or 17 U.S.C. § 505;

h.      For an award of interest, including pre-judgment interest on the foregoing sums; and

1        i.    A grant of such other, different, and additional relief the Court may deem

2    equitable and proper.

3

4

5    Dated: November 12, 2025         Respectfully submitted,

6

7                                 By: */s/ Thomas A. Runk*
Thomas A. Runk (SBN 101306)
trunk@brookskushman.com

8                                 BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800

9                                 Los Angeles, CA  90071-2231
Tel.: (213) 622-3003

10                                Christopher C. Smith (SBN 238882)
csmith@brookskushman.com

11                                BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N

12                                Royal Oak, MI 48067
Tel.: (248) 358-4400

13

14                                *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff Kitsch LLC demands trial by jury of all issues in this action so triable.

Dated: November 12, 2025

Respectfully submitted,

By: */s/ Thomas A. Runk*
Thomas A. Runk (SBN 101306)
trunk@brookskushman.com
BROOKS KUSHMAN P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA  90071-2231
Tel.: (213) 622-3003

Christopher C. Smith (SBN 238882)
csmith@brookskushman.com
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067
Tel.: (248) 358-4400

*Attorneys for Plaintiff*