## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITSCH LLC, a Delaware company,<br><br>                    Plaintiff,<br><br>       v.<br><br>VIORI BEAUTY PBC, a Delaware Public Benefit Corporation,<br><br>                  Defendant. | Case No. 2:25-cv-10830-SPG-AGP<br><br>**ORDER GRANTING DEFENDANT VIORI BEAUTY PBC'S MOTION TO DISMISS PLAINTIFF KITSCH LLC'S COMPLAINT [ECF NO. 15]** |

Before the Court is the Motion to Dismiss, (ECF No. 15 ("Motion")), filed by Defendant Viori Beauty PBC ("Defendant"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I.    BACKGROUND

The following allegations are taken from Plaintiff Kitsch LLC's ("Plaintiff") Complaint. (ECF No. 1 ("Complaint")). Plaintiff is a leading beauty product and accessories manufacturer and sells its products in major retail stores and online through its website and third-party websites, such as Amazon. (*Id.* ¶ 6). In or around September 2020, Plaintiff began selling solid shampoo and conditioner products. (*Id.* ¶ 7). On Amazon,

-1-

Plaintiff markets these products with a photograph depicting the shampoo and conditioner placed on top of the packaging, with images of the ingredients contained in the bars scattered below the packaging. *See* (*id.* ¶ 8). On August 25, 2025, Plaintiff applied for a copyright registration for nine photographs of its dry shampoo and conditioner products, which was granted on August 26, 2025. (*Id.* ¶ 9); *see* (ECF No. 1-1). On September 17, 2025, Plaintiff applied for a second copyright registration for 22 photographs, which also was granted the following day. (Compl. ¶ 10); *see* (ECF No. 1-2).

Defendant also sells solid shampoo and conditioner, including through Amazon's online marketplace. (Compl. ¶ 12). Plaintiff alleges that Defendant's advertising is highly similar to Plaintiff's advertising, in that "both feature the products shown next to each other with the physical products being placed on top of the packaging and with images of the ingredients contained in the bars scattered below the packaging." (*Id.* ¶ 13). In addition, Defendant's packaging contains wording shown in the same order as Plaintiff's packaging, with the same words in larger font. (*Id.*). The Complaint provides the following example of similar images that appear when a potential customer searches for "solid shampoo and conditioner set" on Amazon:





(*Id.* ¶ 14 ("Image One")).

Plaintiff alleges based on information and belief that Defendant did not use this advertising style until after Plaintiff began selling solid shampoo and conditioner. (*Id.* ¶ 15). Plaintiff also alleges that there is no reason that Defendant needs to advertise its products in this way given that other competitors display their products in distinct ways, as follows:



Shampoo and Conditioner
Bar,Solid Hair Growth Soap Bars
for Women,Nourishing,Anti-Ha...



Sponsored
POP MODERN.C Rosemary Solid
Shampoo and Conditioner Bar
Set for Hair Growth, Moisturizi...



Sponsored
HiBAR - Volumize Shampoo &
Conditioner Set - For Fine, Flat
Hair - Add Body, Definition &...



Wave Argan Oil Shampoo bar &
Conditioner Bar Set - Vegan &
Sulfate-Free - Handmade...



Sponsored
2 Pack Rosemary Shampoo
Conditoner Bar Set,Thinning
Hair-Volume Shampoo &...

(*Id.* ¶ 16 ("Image Two")). Further, on its own website, Defendant uses a different advertising image, which does not display the products on top of the packaging. (*Id.* ¶ 17). Moreover, Plaintiff alleges that, when consumers receive Defendant's products, they do not come in the packaging shown in Defendant's advertisements, but instead in the below packaging:



(*Id.* ¶ 18 ("Image Three")).  Plaintiff alleges that Defendant adopted this advertising to mislead consumers that Defendant's products are offered by Plaintiff and/or to confuse consumers into purchasing Defendant's products when they intended to purchase Plaintiff's products.  (*Id.* ¶ 19).  Plaintiff alleges that Defendant engaged in these acts deliberately and willfully, with an intent to mislead and confuse the public and divert business from Plaintiff.  (*Id.* ¶ 20).  Although Plaintiff has requested Defendant cease this activity, Defendant has stated it will not do so.  (*Id.* ¶¶ 21-22).

Plaintiff's Complaint asserts claims for false advertising under the Lanham Act, copyright infringement, and violation of California's Unfair Competition Law ("UCL"). (*Id.* at 9-14).  Among other forms of relief, Plaintiff requests declaratory judgment, injunctive relief, monetary damages, attorney's fees, and costs.  (*Id.* at 14-15).

Plaintiff initiated this action on November 12, 2025.  (*Id.*).  Defendant filed the instant Motion on January 16, 2026, seeking dismissal of all of Plaintiff's claims.  (Mot.). Plaintiff opposed the Motion on March 4, 2026, (ECF No. 18 ("Opposition")), and Defendant replied in support of the Motion on March 11, 2026, (ECF No. 19 ("Reply")).

## II.    LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant

to Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted).  Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## III.   DISCUSSION

### A.    False Advertising Claim

Under the Lanham Act, any person who, "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities" may be liable in a civil action brought by any person damaged by such act.  15 U.S.C. § 1125(a)(1)(B).  To state a claim under this provision, Plaintiff must show: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually

deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement." *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

In the Motion, Defendant contests the first three of these elements. First, Defendant argues that Plaintiff has not plausibly alleged any false statements about the "nature, characteristics, qualities, or geographic origin" of the goods themselves, since the only allegedly false statements relate to the packaging, not the product. (Mot. at 9). As to the allegation that Defendant's products are not actually sold in the advertised packaging, Defendant argues that Plaintiff has improperly compared different products and has not put forth any factual allegation that consumers received different products than they ordered. (*Id.* at 10). Second, Defendant argues that the alleged false statements have no tendency to deceive because there are significant differences in the packaging, including font size, letter/word location, coloring, brand names, and shapes of the products. (*Id.* at 11). Third, Defendant argues that Plaintiff has failed to plausibly allege materiality because it has not put forth any factual allegations to suggest that consumers have been misled by the advertising. (*Id.* at 14-15). Finally, Defendant argues that Plaintiff lacks standing to bring this claim because Plaintiff is not a consumer of Defendant's products. (*Id.* at 16).

The Court agrees with Defendant that Plaintiff has not plausibly alleged any "false statement of fact" about Defendant's product or the product of another. *Skydive Arizona, Inc.*, 673 F.3d at 1110. Plaintiff's theory of falsity is that Defendant "made false and misleading statements in its amazon.com advertising by showing packaging and products that were different than those consumers actually received." (Compl. ¶ 25). To

demonstrate this theory, the Complaint includes Image Three: a sample image of products received from Defendant. *See* (Image Three). However, the product shown in Image Three is a different product than the one shown in the advertisement. *Compare* (Image One (depicting "Viori Hidden Waterfall Shampoo and Conditioner Bar Set Made with Rice Water")), *with* (Image Three (depicting "Viori Shampoo Bar & Conditioner Bar + Bamboo Holder")). Because these images compare different products, they do not show that Defendant's advertised packaging is any different from the actual product. Where, as here, "the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Further, the Complaint includes no other well-pleaded factual allegations that consumers received different products from those advertised. Because this theory of false advertising is the sole theory of falsity in the Complaint in support of Plaintiff's Lanham Act claim, Plaintiff has not plausibly pleaded this claim.

Even assuming Plaintiff could show that Defendant's actual packaging differs from that advertised, this could not serve as the basis for Plaintiff's false advertising claim because it is disconnected from Plaintiff's theory of injury. To plead a false advertising claim, Plaintiff must show both that Defendant made "a false statement of fact . . . about its own or another's product," and that Plaintiff "has been or is likely to be injured *as a result of the false statement*." *Skydive Arizona, Inc.*, 673 F.3d at 1110 (emphasis added). Here, Plaintiff does not allege that it was injured *because* Defendant advertised "packaging and products that were different than those consumers actually received." (Compl. ¶ 25). Instead, Plaintiff alleges it was injured because Defendant's advertising mirrored Plaintiff's, misleading consumers to purchase Defendant's product when they intended to purchase Plaintiff's. (*Id.* ¶ 27). Thus, it would make no difference to Plaintiff's alleged injury whether Defendant's products arrive in the same packages as advertised. In either scenario, Plaintiff's alleged loss of business and potential reputational injury would be the same.

Thus, Plaintiff has not plausibly pleaded any false statement or resulting injury. Accordingly, the Court GRANTS the Motion and DISMISSES Plaintiff's false advertising claim, with leave to amend. Because the Court dismisses the claim on these grounds, the Court does not reach Defendant's arguments as to the other elements of this claim.

**B.    Copyright Infringement Claims**

To state a claim for copyright infringement, Plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). To satisfy the second prong, Plaintiff "must plausibly allege both (1) copying and (2) unlawful appropriation." *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 941 (9th Cir. 2023).

Defendant does not challenge the validity of Plaintiff's copyright. Instead, Defendant argues that Plaintiff has failed to identify specific protectable elements of the photograph that Defendant copied. (Mot. at 17). Defendant argues that the mere arrangement of the shampoo and conditioner products and ingredients is an unprotectable idea or concept. (*Id.* at 18). Defendant also argues that there is no substantial similarity in the packaging, as the products are completely different in color, shape, and text. (*Id.*). Additionally, Defendant argues that the photographs are entitled only to "thin" copyright protection, which would protect against only virtually identical copying. (*Id.* at 19).

In its Opposition, Plaintiff argues that the arrangement of elements in the photograph is protectable because there are myriad other ways to depict solid shampoo and conditioner, such as those identified in the Complaint. (Opp. at 20); *see* (Image Two). Plaintiff distinguishes the cases cited by Defendant because this case is at the pleadings stage, and Plaintiff argues that it is inappropriate to decide this question as a matter of law on a motion to dismiss. (Opp. at 20-21). Plaintiff also argues that it is entitled to more than a "thin" copyright because the photograph involved multiple elements that were selected and arranged in a creative way. (*Id.* at 23).

The parties' primary dispute is as to the "unlawful appropriation" element. The Copyright Act "only covers an artist's expression, not the idea underlying that expression."

*Hanagami*, 85 F. 4th at 941; *see* 17 U.S.C. § 102(b). Thus, to qualify as unlawful appropriation, a defendant must "copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018) (citation omitted). To assess substantial similarity, courts in this Circuit apply both an extrinsic test, which "assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression," and an intrinsic test, which "tests for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance." *Hanagami*, 85 F.4th at 941 (internal quotation marks, citations, and alterations omitted). At the pleadings stage, courts apply only the extrinsic test, "as the intrinsic test is reserved exclusively for the trier of fact." *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018). "[W]hen the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945); *see also Rentmeester*, 883 F.3d at 1125 (affirming dismissal of photograph copyright claim on motion to dismiss).

The level of copyright protection available for any given work exists on a "spectrum," such that "the greater the range of creative choices that may be made, the broader the level of protection that will be afforded to the resulting image." *Rentmeester*, 883 F.3d at 1120. On one end of this spectrum are works with "a wide range of expression," such as an "aliens-attack movie," which can be made in "gazillions of ways." *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913 (9th Cir. 2010). On the other end of this spectrum are works with only "a narrow range of expression," such as a painting of "a red bouncy ball on blank canvas," which can only be expressed "so many ways." *Id.* at 914. While works involving a wide range of expression are entitled to "broad" copyright protection, *Rentmeester*, 883 F.3d at 1120, works involving a "narrow" range of expression are entitled only to a "thin" copyright, which protects only against "virtually identical" copying, *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (citation omitted).

In the context of copyrighted photographs, the Court finds two Ninth Circuit cases to be illustrative of this spectrum. On one end, in *Rentmeester*, the Ninth Circuit considered the level of protection available for a photograph of Michael Jordan "leaping toward a basketball hoop with a basketball raised above his head in his left hand, as though he is attempting to dunk the ball." *Rentmeester*, 883 F.3d at 1115. The photograph included several elements atypical of such photographs, including the setting "on an isolated grassy knoll," the ballet-inspired pose, which was "unusual . . . for a basketball player to adopt," and specific choices of "lighting, camera angle, depth of field, and selection of foreground and background elements." *Id.* at 1115, 1121. The Ninth Circuit concluded that this photograph was "entitled to broad rather than thin protection" because the "range of creative choices open to [the photographer] in producing his photo was exceptionally broad." *Id.* at 1120. The court emphasized that the photograph was entitled to this protection "precisely because [the photographer] chose *not* to be bound by the conventions commonly followed in photographing a basketball player attempting to dunk a basketball." *Id.* at 1120-21. On the other end of the spectrum, in *Ets-Hokin*, a photographer who took "a series of photographs of [Skyy Vodka's] iconic blue vodka bottle for use in a marketing campaign" alleged copyright infringement against Skyy Vodka, based on photographs of the same bottle later taken by other photographers and used in a new advertising campaign. *Ets-Hokin*, 323 F.3d at 765. The Ninth Circuit rejected the claim, finding that, while the copyrighted and allegedly infringing photographs were "indeed similar, their similarity is inevitable, given the shared concept, or idea of photographing the Skyy bottle." *Id.* at 766. In such circumstances, the work was entitled only to "thin" copyright protection, requiring a showing of "virtually identical copying." *Id.* The Ninth Circuit found the photographs were not virtually identical because they included different choices of lighting, angles, shadows, and reflections. *Id.*

On the "spectrum" of protection available to copyrighted photographs, the Court finds the instant case to be far closer to the "thin" protection available in *Ets-Hokin*. Like the products in *Ets-Hokin*, these photographs are part of a "commercial product shoot,"

-10-

which allows for only a "narrow range of artistic expression." *Id.* at 765.  Further, from the Court's review of the images in the Complaint, none of the photographs contain any particularly unusual elements that defy "the conventions commonly followed" in such photographs.  *Rentmeester*, 883 F.3d at 1120.  In the Complaint, Plaintiff has included images of Plaintiff's product, Defendant's product, and five other competitors' product photographs.  *See* (Image One; Image Two).  From the Court's review, the competitors' photographs bear numerous similarities to the parties' photographs: (1) all five photographs depict a set of two products, including both solid shampoo and conditioner; (2) all five photographs depict both the packaging and the shampoo and conditioner outside the packaging; (3) all five photographs are set against an off-white background with no other foreground or background features; and (4) three of the five photographs include images of the ingredients contained inside the products.  *See* (*id.*).  Thus, these elements appear to be standard features commonly associated with such advertising images.  *See Ets-Hokin*, 323 F.3d at 765-66 ("[W]hen similar features of a work are as a practical matter indispensable, or at least standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright." (internal quotation marks and citation omitted)); *Rentmeester*, 883 F.3d at 1118 (stating that courts must "filter out the unprotectable elements of the plaintiff's work—primarily ideas and concepts, material in the public domain, and *scènes à faire* (stock or standard features that are commonly associated with the treatment of a given subject)").  Because Plaintiff has not shown the images defy any of the standard conventions for such photographs, the images are akin to the marketing photographs in *Ets-Hokin*, entitled only to a "thin" level of protection against "virtually identical copying." *Ets-Hokin*, 323 F.3d at 766.

With the above in mind, Plaintiff has not shown Defendant's photographs identified in the Complaint are "virtually identical" to Plaintiff's photographs.  Based on the side-by-side comparison in Image One, the images contain several creative differences.  *See* (Image One).  Most significantly, while Plaintiff's photograph places the products directly on top of the packages, Defendant's photograph places the products behind the package,

-11-

suspended in mid-air and partially obscured by the package. Defendant's image also contains reflections underneath the packaging and ingredients, while Plaintiff's image contains no reflections. Further, Defendant's photograph contains a larger foreground and places the ingredients closer to the packaging than Plaintiff's photograph. Thus, as in *Ets-Hokin*, Plaintiff's factual allegations do not demonstrate copyright infringement because the images differ on several elements within the narrow range of options available for such commercial product shoots. While some individual elements appear to be similar, "none of these elements is subject to copyright protection when viewed in isolation." *Rentmeester*, 883 F.3d at 1119.

Accordingly, Plaintiff has not plausibly stated a claim for copyright infringement because it has not shown unlawful appropriation. The Court therefore GRANTS the Motion and DISMISSES this claim, with leave to amend.

### C. Unfair Competition Claim

Lastly, Defendant argues that Plaintiff has failed to state a claim under any of the prongs of the UCL. On the unlawful prong, Defendant argues that Plaintiff has failed to allege either of its other claims as a basis for the violation and has not otherwise identified a violation of law. (Mot. at 20). On the unfair prong, Defendant argues that Plaintiff's allegations of misleading images of its product packaging are not sufficiently immoral, unethical, oppressive, or unscrupulous to qualify as unfair business practices. (*Id.* at 21). Defendant also argues that Plaintiff has not alleged facts showing that customers were substantially injured by these practices. (*Id.*). Finally, on the fraudulent prong, Defendant argues that Plaintiff's allegations of deception are not plausible because consumers would not be deceived by the differences between the advertising images and the actual packaging. (*Id.* at 22-23).

In its Opposition, Plaintiff argues that it has stated a claim under the UCL because it has alleged that Defendant made a false or misleading statement about its product and that this false statement is likely to deceive members of the public. (Opp. at 24). Plaintiff relies on the allegation in the Complaint that "Defendant has unfairly, deceptively, falsely,

and/or misleadingly used images of its products that are not the same as the products and packaging consumers received." (Compl. ¶ 63).

The Court agrees with Defendant that Plaintiff has failed to state a UCL claim. First, under the unlawful prong, for the reasons discussed above, Plaintiff has not stated a claim for a violation of any other law. As to the other prongs, the Complaint asserts a UCL violation based on the allegation that Defendant's advertising images are not the same as the products and packaging that consumers actually receive. However, as discussed above, the Complaint's allegations of falsity are based solely on a comparison of entirely different product lines. *See* (Image One; Image Three). Thus, the Complaint includes no well-pleaded factual allegations of fraudulent or unfair business practices. Accordingly, the Court DISMISSES this claim, with leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and DISMISSES the Complaint in its entirety. Within twenty-one (21) days of the issuance of this Order, Plaintiff may file an Amended Complaint curing the deficiencies identified herein. If Plaintiff fails to file an Amended Complaint within twenty-one (21) days, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

DATED:  May 8, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-13-